CLEVELAND J. MARCEL, Sr., Judge Pro Tempore.
This appeal originates in the Twenty-Ninth Judicial District Court, Parish of St. Charles, wherein the Honorable Joel T. Chaisson rendered judgment in favor of plaintiff, Sales Tax Collector, St. Charles Parish, and against defendant, Delta Trans-load, Inc., for the principal sum of Two Hundred Forty-Nine Thousand, Three Hundred Seventy-Five Dollars ($249,375) with interest in the amount of Twenty-Nine Thousand, Nine Hundred Twenty-Five Dollars ($29,925), penalties in the amount of Sixty-Two Thousand Dollars, Three Hundred Forty-Three Dollars and Seventy-Five Cents ($62,343.75), together with attorney’s fees in the amount of 10 percent of the aggregate amount of principal, interest and penalties. Defendant has appealed.
Defendant, Delta Transload, Inc., owns and operates the Delta Transload I, a movable and navigable but non-self-propelled watercraft employed in the midstream han *570 dling and offloading of grain. While the Delta Transload I was located in the Lul-ing/Destrehan Area of St. Charles Parish, the sales tax collector of that parish filed suit to enforce a 1982 use tax assessment pursuant to Parish sales and use tax ordinances.
Trial on the merits, held September 29, 1983, centered upon the classification of the Delta Transload I. Defendant argued the Delta Transload I was a “vessel” and should be accorded the exempt status provided by LSA-R.S. 47:305.1 and Exemptions and Exclusions § 3.01(5) of the St. Charles Parish School Board General Sales and Use Tax. The trial court, in ruling the Delta Transload I failed to satisfy the intent and meaning of the term “vessel” contained in those statutes, found “... no legalistics that would conclude that this could be concluded as a vessel which would make it exempt for use tax purposes in St. Charles Parish.”
Defendant has appealed, asserting:
that (1) the trial court erred by misconceiving the nature of the state and local sales tax laws; that
(2) the trial court erred in holding that the Delta Transload I is not, as a matter of law, a “vessel” or “barge” for purposes of the local sales and tax exemption; and that
(3) the trial court erred in assessing penalties and attorney’s fees.
The questions raised by this appeal, however, can be resolved by proper interpretation of the applicable tax statutes and does not necessarily depend upon the status or classification of the Delta Transload I. If this case involved the imposition of a sales tax, then the classification of the Delta Transload I would be essential. However, we are faced with reviewing a judgment which enforced the assessment of a use tax against Delta Transload, Inc.
Appellant argues it is entitled to be exempt from the tax levied because such exemption is granted to them under both LSA-R.S. 47:305.1(A)[1] and the applicable St. Charles Parish Sales and Use Tax Ordinance [2]. Appellant attempts to escape use tax liability by utilizing a sales tax exemption. A closer inspection of the statutes is warranted.
Appellant claims exemption status under LSA-R.S. 47:305.1(A). However, this statute specifically states that the exemption provided by this statute applies exclusively to the tax imposed by LSA-R.S. 47:302(A)(1)[3], the state’s sales tax. LSA-R.S. 47:305.1(A) does not provide tax relief from the state’s use tax imposed under LSA-R.S. 47:302(A)(2)[4]. We believe the legislative intent of LSA-R.S. 47:305.1(A) *571 was to prevent the Louisiana shipbuilding industry from being placed at a competitive disadvantage with shipbuilders from neighboring states, the exemption provided by LSA-R.S. 47:305.1(A) applies solely to state sales taxes. Had the legislature intended to exempt certain vessels from the state’s use tax, they would have specifically stated such intention. We will not infer that intent.
Appellant additionally claims exemption status under the Exémptions and Exclusions from Tax of the St. Charles tax ordinances, more particularly § 3.01(5). Section 3.01(5) reads almost verbatim with LSA-R.S. 47:305.1(A) and clearly states that certain vessels or barges are exempt from sales taxes but fails to mention use taxes. A review of other exemptions and exclusions generally provided for under § 3.01 shows that some provisions apply only to sales taxes[5], some to use tax[6], and that some include both[7]. These ordinances lead us to conclude that if the St. Charles Parish School Board had intended to exempt such vessels or barges from any use tax, it would be written so. This exemption without doubt applies exclusively to sales tax.
Interest, penalties and attorney’s fees are specifically provided for by the St. Charles Parish General Sales and Tax Ordinances [8]. Appellant has not set forth any argument as to why we should strike the enforcement of those provisions. After reviewing these provisions, we find no reason why such should not be enforced.
*572 Accordingly, for the foregoing reasons, the judgment appealed from is hereby affirmed at appellant’s cost.
AFFIRMED.

. LSA-R.S. 47.305.1 Exclusions and exemptions, ships and ships' supplies
A. The tax imposed by R.S. 47:302(A)(1) and R.S. 47:321(A)(1) shall not apply to sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, or barges, including commercial fishing vessels, drilling ships, drilling barges of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof.

. St. Charles Parish School Board General Sales and Use Tax Exemptions and Exclusions from Tax, § 3.01(5)
The sales of materials, equipment, and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels or barges when sold by builder thereof.

. LSA-R.S. 47:302(A)(1):
A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:
(1) At the rate of two per centum (2%) of the sales price of each item or article of tangible personal property when sold at retail in this state; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the state, and to include each and every retail sale.

. LSA-R.S. 47:302(A)(2)
(2) At the rate of two per' centum (2%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided there shall be no duplication of the tax.

. St. Charles Parish School Board General Sales and Use Tax, Exemptions and Exclusions from Tax, § 3.01(7)
The sale at retail of seeds for use in the planting of any kind of crops.
§ 3.01(10) The sale or admission tickets by Little Theatre organizations.

. St. Charles Parish School Board General Sales Tax and Use Tax, Exemptions and Exclusions from Tax
§ 3.01(2) The "use tax” shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

. St. Charles Parish School Board General Sales Tax and Use Tax, Exemptions and Exclusions from Tax
§ 3.01(9) The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam project on the Sabine River.

. St. Charles Parish School Board General Sales and Use Tax, Remedies for Collection, including Interest, Penalties, etc.
SECTION 9.01. For the purpose of the enforcement of this ordinance, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this ordinance, imported into the Parish or held in the Parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the Parish, and is subject to the tax herein levied; provided that such presumption shall be prima facie only, and subject to proof furnished to the Collector.
SECTION 9.02. Failure to pay any tax due as provided in this ordinance, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the Governing Body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the Governing Body, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.
SECTION 9.03. If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of six percent (6%) per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the'interest that may be so due there shall also be collected a penalty equivalent to five percent (5%) for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five percent (25%) in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and .in the event of suit, attorney’s fees at the rate of ten percent (10%) of the aggregate of tax, interest and penalty.