FOIL, Judge.
This is an appeal from the district court’s granting of a motion for summary judgment dismissing the claim of plaintiff, Patrick J. Canulette, Sheriff and Ex-Officio Tax Collector for St. Tammany Parish (Tax Collector), against defendant, Diamond M. Drilling Company a/k/a Diamond M. Company (Diamond), for unpaid use taxes.
Diamond is a foreign corporation authorized to do business in Louisiana. It is an oilfield drilling contractor. Diamond constructed a drilling barge at Avondale, Louisiana, and used the barge for drilling in several parishes of the state. In August, 1981, it used the barge to conduct drilling operations within St. Tammany Parish.
The Tax Collector subsequently audited Diamond and assessed a tax on the use of the barge within its boundaries. Diamond protested the assessment and the Tax Collector filed suit against it for collection of the unpaid taxes. Diamond filed a motion for summary judgment claiming the drilling barge is of a type (over fifty tons load displacement) that is exempt from the use tax under an applicable local ordinance. The matter was submitted on briefs to the trial court, which later granted Diamond’s motion thereby dismissing the claim .of the Tax Collector. It is from this judgment that the Tax Collector brings the instant appeal.
THE USE TAX
The taxes in question are use taxes levied by the St. Tammany Parish School Board. The Tax Collector made the assessment pursuant to the following St. Tammany Parish School Board Ordinance, which reads in pertinent part:
IMPOSITION OF TAX
SECTION 2.01. There is hereby levied ... a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the Parish ...
However, some transactions are exempt from imposition of sales and use taxes. Specifically, Diamond claims to be exempt under the following Ordinance, which states in part as follows:
EXEMPTIONS AND EXCLUSIONS FROM TAX
SECTION 3.01. The taxes imposed by this ordinance shall not apply to transactions involving the following tangible personal property.
(5) The sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.
Diamond alleges this exemption applies not only to the sales tax, but also to the use tax. It urges that there must be strict equality between the exemptions provided for sales and the exemptions provided for use. If not, the whole ordinance is invalid, under the Commerce Clause of the United States. As authority for this conclusion, Diamond cites the case of Halliburton Oil Well Cementing Company v. Reily, 373 U.S. 64, 83 S.Ct. 1201, 10 L.Ed.2d 202 (1963), which involved the Louisiana sales and use tax statute upon which the St. Tammany ordinance is patterned.
We disagree with Diamond’s interpretation of the Halliburton casé. The United States Supreme Court in Halliburton held that equal treatment for in-state and out-of-state taxpayers similarly situated is a condition precedent for a valid use tax on goods imported from out-of-state. The Court noted that the purpose of the Louisi *54 ana sales-use tax scheme is to make all tangible property used or consumed in the state subject to a uniform tax burden regardless of whether it is acquired within the state, and thus subject to sales tax», or from out-of-state, making it subject to use tax at the same rate. See Halliburton, 83 S.Ct. at 1202.. Clearly, Halliburton addresses the issue of discrimination against interstate commerce. In our case, we are dealing with intrastate transactions. The ordinance in question makes no distinction between in-state and out-of-state taxpayers, nor was the property involved imported from out-of-state; it was merely constructed outside of, but used within, St. Tammany Parish. It was, however, constructed in Louisiana, although it would make no difference in the assessment of the use tax if it had been made in any other state. Accordingly, we do not find Halliburton to be dispositive of the issue at hand.
Instead, we agree with the holding in the case of Sales Tax Collector v. Delta Services Industries, 453 So.2d 569 (La.App. 5th Cir.1984). In that case, Delta Services claimed to be exempt from use tax under a St. Charles Parish Sales and Use Tax Ordinance identical to the St. Tammany Ordinance involved here, as well as the corresponding state statute, La.R.S. 47:305.1(A). As in our case, Delta Services attempted to escape use tax liability by utilizing a sales tax exemption. The Louisiana Fifth Circuit Court of Appeal closely inspected the state statute and concluded that it specifically states that the exemption applies exclusively to the state’s sales tax and does not provide relief from the state’s use tax. The Court stated:
We believe the legislative intent of LSA-R.S. 47:305.1(A) was to prevent the Louisiana shipbuilding industry from being placed at a competitive disadvantage with shipbuilders from neighboring states, the exemption provided by LSA-R.S. 47:305.1(A) applies solely to state sales taxes. Had the legislature intended to exempt certain vessels from the state’s use tax, they would have specifically stated such intention. We will not infer that intent. 453 So.2d at 570-571.
The Court further noted that the St. Charles Ordinance reads almost verbatim with the state statute, as does the St. Tammany Ordinance in this case, and clearly states that certain vessels or barges are exempt from sales taxes but fails to mention use taxes. The Court reviewed exemptions provided for under the St. Charles Ordinance and found that some provisions apply only to sales taxes, some to use taxes, and some include both. A review of the St. Tammany Ordinance shows that the same is' true in this case.[1] The Fifth Circuit concluded, as do we, that, as evidenced by the wording in the other exemptions, if the School Board had intended to exempt such vessels or barges from any use tax, it would have specifically stated so. The exemption contained in St. Tammany Ordinance § 3.01(5) without doubt applies exclusively to sales tax. See Sales Tax Collector v. Delta Services Industries, 453 So.2d at 571. Moreover, we note that exemptions from taxation are an exceptional privilege which must be expressly and clearly conferred in plain terms, and thus are strictly construed against the taxpayer. McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La.1987).
For the foregoing reasons, the judgment of the trial court is reversed. The case is hereby remanded to the trial court for computation of the amount of use tax owed. All costs are assessed to appellee.
REVERSED AND REMANDED.

. For example, St. Tammany Ordinance § 3.01 contains the following exemptions:
(7) The sale at retail of seeds for use in the planting of any kind of crops.
(2) The "use tax" shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.
(9) The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam Project on the Sabine River. [Emphasis added]